

"2. The defendant having caused the arrest and imprisonment of the plaintiff, who was a civilian, and not amenable to military law, it was his duty to make provision against his being treated with undue harshness and severity, or subjected to any treatment or discipline not necessary and proper to restrain him of his liberty for the time being; and having failed to do so, and suffered the plaintiff to be confined in the guard house with drunken soldiers, and to be compelled to labor in common with military culprits, the damages for the false imprisonment must be enhanced on account of such treatment."

As before stated, the said Chavers and Clark, in making the arrest, as the undisputed evidence shows, were acting for and in the interest of their master the defendant, and even though they may have been commissioned to arrest, they were nevertheless, not public officers within the meaning of said rule.

It is familiar logic, as old as civilization, in accord with human experience, and supported by the highest authority that: "No man can serve two masters for either he will hate the one and love the other; or else he will hold to the one and despise the other." Matt. ii, 24.

The application is due to be overruled. It is so ordered.

Application overruled.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

A. A. Carmichael, Atty. Gen., for the State.

THOMAS, Justice.

The indictment was for murder in the first degree. There was a due arraignment and plea of not guilty; the case was duly set for trial; and a jury verdict as follows: "We the jury find the defendant guilty of Murder in the Second Degree as charged in the indictment, and fix his punishment at twenty years imprisonment in the Penitentiary." The appeal is upon the record.

There are no questions presented as to venire, or of rulings on the introduction of evidence. The refused charges are not considered in the absence of a bill of exceptions.

No reversible error being presented, the judgment of conviction of murder in the second degree is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

180 So. 774
### ABRAMS v. STATE.
6 Div. 130.

Supreme Court of Alabama.
April 28, 1938.

180 So. 783
### HOME INS. CO. v. CITY OF BIRMINGHAM.
6 Div. 320.

Supreme Court of Alabama.
April 28, 1938.